**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

A.R. BLASE,

                          **Plaintiff,**

              **v.**                                            **Civil No.  05-3116-CO**

RAYMOND J. CORY, et al.,                         **ORDER**

                       **Defendants.**

_____

On September 13, 2006, plaintiff was ordered to show cause in writing by September 25, 2006 why this case should not be dismissed for want of prosecution.  In response, plaintiff filed a motion to dismiss without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) (#39).  Defendants Cory and Thompson oppose this motion and request dismissal with prejudice.

Pursuant to Federal Rules of Civil Procedure 41(a)(1), a plaintiff may voluntarily dismiss an action without order of the court at any time before service by the adverse party of an answer or of a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1).  Federal Rules of Civil Procedure 41(a)(2) states: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiffs' instance save upon order of the court ...".  Fed. R. Civ. P. 41(a)(2).  The decision to grant or deny a dismissal, without prejudice, under Rule 41(a)(1) is a matter of judicial discretion.  <u>Blue</u>

ORDER - 1

Mountain Construction Company v. H.C. Werner, 270 F.2d 305 (9th Cir. 1959), cert den, 361 U.S. 931; Kern Oil and Refining Co. v. Tenneco Oil Co., 792 F.2d 1380 (9th Cir. 1985), cert den, 480 U.S. 906 (1987); Klintworth v. Atlantic Coast Line Railroad Company, 39 F.R.D. 330 (D.S.C. 1966).

"The purpose of the rule permitting plaintiff to voluntarily dismiss an action without prejudice is to give plaintiff a right to take the case out of court when no one else would be prejudiced thereby." Klintworth, 39 F.R.D. at 331; See also, Alamance Industries Inc. v. Filene's, 291 F.2d 142, 146 ( 1st Cir. 1961), cert den, 368 U.S. 831 (1961). The court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result. Waller v. Financial Corporation of America, 828 F.2d 579,583 (9th Cir. 1987) (citing Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982).

The court must weigh the equities and make a decision which is fair under the circumstances. (Id.). Factors justifying a denial include: defendant's considerable expense in preparing an answer and preparing for trial; where a party has filed a meritorious motion for summary judgment; and where plaintiff gives an insufficient explanation for the need to take a dismissal. See Blue Mountain, 270 F.2d at 306; Klintworth, 39 F.R.D. at 331; Pace v. Southern Express Company, 409 F.2d 331, 334 (7th Cir. 1969).

Defendants have not shown that they will suffer any prejudice. Therefore, it is ordered that plaintiff's motion to dismiss (#39) is granted and this action is dismissed without prejudice and without cost.

Dated this _____28_____ , September, 2006

_____/s/_____
U.S. Magistrate Judge

ORDER - 2